No.  A-CV-38-81

## COURT OF APPEALS OF THE NAVAJO NATION

January 19, 1983

Joseph PETERMAN, Appellant,

vs.

Joe and Margorie THOMAS, Appellees.

Andy G. Smith, Esq., counsel for appellant.  Albert Hale, Esq., counsel for appellees.

This is an unusual case because it is a reverse paternity action in which the father wishes to establish his paternity to a child born of the female respondent-appellee.  The appeal in this action was filed on September 1, 1981 and following delays over prehearing conferences the parties entered into an agreement on October 5, 1982 which was finally filed on December 20, 1982.

The stipulation and agreement of the parties is that Joseph Peterman is the father of the child who is the subject of this action, and that the appellees (who are the child's grandparents) shall have permanent custody of the child.  There is an unusual provision that the parties may either agree to joint custody of the child or the father may petition for custody of the child when she reaches eight years of age.  No child support is required under the agreement.  As to visitation, the parties agree that the father will be given the right to gradually develop long-term visitation arrangements in order to protect the child's well-being.  Finally, there is the unusual provision that the counsel for the parties may agree to the stipulated dismissal of this appeal.

There are a number of points to be developed in acting on the stipulation and the appeal.  First of all, we have previously held that an appeal may be dismissed by stipulation.  Therefore the appeal will be dismissed, since the Chief Justice finds no good reason to not do so.  Second, in litigation the actions of an attorney are the actions of the party the attorney represents. Therefore the stipulation and agreement will be binding upon the parties absent any fraud or misrepresentation.  Third, the court will never approve any agreement affecting the welfare of a child unless the agreement is found to be in the interests of the child.  The Courts of the Navajo Nation are the representatives of the Navajo Nation in its guardianship of Navajo children.

This court will not approve the provisions as to custody except to the extent that her permanent custody shall be in the appellees, as agreed.  The father will retain his natural right to apply to the court for custody of a child at any time he can show that there has been a

substantial change of circumstances which materially affect the physical, mental or moral well-being of the child. If the court finds, at some time in the future, that joint custody or custody in the father is in the interests of the child, then a change can be made. The father's rights will remain open, but the court makes clear here and now that only the child's interests will be factor in any change in the custody arrangement. Of course the parents of this child are ordered by the court to work together for the well-being and happiness of the child, and any custody arrangement they develop which is in the child's interests will be considered.

The provision of no child support will be adopted reluctantly, with the court ordering the father to consider his moral obligations to the child in deciding voluntary support.

The vistation provision is adopted, but the parties are ordered to submit to counseling should there be a disagreement as to what the word "gradual" means in developing visitation.

Otherwise the stipulation is approved, and this case is remanded to the Window Rock District Court for the entry of an order adopting the stipulation and agreement in accordance with this order.